FARMER, Judge.
T.A. petitions for a writ of habeas corpus with regard to a detention order of the juvenile court. At the end of the hearing in which T.A. was adjudicated, the judge considered whether to detain T.A. under the recently adopted section 790.22(9), Florida Statutes (Supp.1994), without awaiting the scheduling of a formal disposition hearing. No predisposition report (PDR) had yet been prepared.[1] The judge found T.A. delinquent for carrying a concealed firearm and entered an order that required his secure detention for a period of 5 days. We issued an order to show cause why habeas corpus should not be granted and released him from detention pending our determination on the merits. Having since received a response from the state, we now explain our rationale for releasing T.A.
As we noted initially, T.A. was found guilty of carrying a concealed firearm in violation of section 790.01(2), Florida Statutes (1993). Section 790.22(9) provides as follows:
“(9) Notwithstanding s. 39.043, if the minor is found to have committed an offense that involves the use or possession of a firearm, as defined in s. 790.001, other than a violation of subsection (3), or an offense during the commission of which the minor possessed a firearm, and the minor is not committed to a residential commitment program of the Department of Health and Rehabilitative Services, in addition to any other punishment provided by law, the court shall order:
(a) For a first offense, that the minor serve a mandatory period of detention of 5 days in a secure detention facility and perform 100 hours of community service.
(b) For a second or subsequent offense, that the minor serve a mandatory period of detention of 10 days in a secure detention facility and perform not less than 100 nor more than 250 hours of community service.
The minor shall receive credit for time served before adjudication.”
At the outset, we note that section 790.22(9) is not directed to pretrial detention. Compare § 39.042(b), Fla.Stat. (Supp.1994) (child accused of committing offense of parental violence may be held in secure detention for periods of up to 48 hours). Instead it provides for punishment upon adjudication of the offense. There is no question that the statute makes the detention mandatory for the violation found in this case. The issue is whether this mandatory detention must be commenced upon the adjudication and before any PDR has been prepared and any disposition hearing has been held. We think not.
We see nothing in the terms of section 790.22(9) that requires the punishment to begin instanter upon adjudication. The statute actually says that the 5-day detention shall be imposed “in addition to any other punishment provided by law.” Assuming this is a first offense, the statute also imposes 100 hours of community service in addition to the 5-day detention. There is nothing in the statute requiring that the 100 hours of community service be served before a disposition hearing is held.
It is obvious that the legislature has not chosen a text explicitly requiring full completion of the punishment for this class of juvenile offenders before the preparation of a PDR and the holding of a formal disposition hearing. Hence, we construe this text to provide that the imposition of the mandatory 5-day detention punishment await a formal disposition hearing with a PDR at hand. Petitioner’s confinement before the preparation of the PDR and the holding of the disposition hearing was therefore unlawful; hence our *1132 issuance of the writ pending our determination of the petition.
Because the issue is capable of repetition and evading review, we comment briefly on the implications of our decision. Section 39.069(3), Florida Statutes (Supp.1994), provides that the mere act of taking an appeal does not operate as a supersedeas in a delinquency case but that the court may so order. After imposing the mandatory 5-day detention at the end of a disposition hearing, the judge will then be faced with the same question faced by this judge: whether the actual confinement must begin irrespective of the right to appeal. The period of punishment, 5 days, is too compressed a period of time to allow for appellate review in the ordinary course of events before the penalty is actually served.
To allow the full period of the penalty to be served before an appeal can be perfected might reasonably be seen as effectively eliminating the right of appellate review. The right to appeal is protected by our state constitution. See Art. V., § 4(b)(1), Fla. Const. (1972) (“District courts of appeal shall have jurisdiction to hear appeals, that may he taken as a matter of right, from final judgments or orders of trial courts * * [e.s.]). Additionally, the legislature has expressly created a statutory right to appeal a final order in juvenile delinquency cases. See § 39.069, Fla.Stat. (Supp.1994). One might fairly contend that the right to appeal an order of 5-days confinement for a violation of section 790.22(9) would be an empty vessel if the detention had to be commenced eo instante upon its imposition.
If the judge decides that the 5-day detention punishment must begin at once and without further delay, the question should then be addressed as an issue of bail pending an appeal. Post-trial release pending appeal is governed by Florida Rule of Criminal Procedure 3.691. We understand section 39.069 to make the question of release pending appeal a matter of discretion with the trial judge. Any decision to deny such release must be in writing and contain findings to facilitate review. Fla.R.Crim.P. 3.691(b). Prompt action by counsel will then be indispensable for meaningful district court review where post-trial release is denied.
Because the issue here was confronted before the preparation of a PDR and a disposition hearing, however, the foregoing comments do not apply. We hold that section 790.22(9) does not empower juvenile judges to bypass the statutory and rule requirements relating to the preparation of a PDR and a disposition hearing and thereby commence a 5-day punitive detention instanter upon adjudication.
PETITION GRANTED.
POLEN and STEVENSON, JJ., concur.

. See § 39.052(3)(a), Fla.Stat. (Supp.1994) (court shall hold disposition hearing at which it shall consider PDR); and Fla.R.Juv.P. 8.110(g) (PDR shall be prepared before disposition may be made and court shall continue disposition hearing until PDR at hand).